

**NUMBER 13-20-00556-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

CITY OF HOUSTON,                                                                 Appellant,

v.

CAROLINA GALICIA, INDIVIDUALLY
AND AS NEXT FRIEND OF T.R.G., A MINOR,                          Appellee.

On appeal from the 125th District Court
of Harris County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

The City of Houston filed a notice of appeal[1] from a summary judgment rendered

---

[1] The appeal was transferred to this Court from the First Court of Appeals in Houston pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 73.001, 22.220(a).

against it in a personal injury lawsuit filed by appellee Carolina Galicia, individually and as next friend of T.R.G., a minor.[2] The parties to this appeal have now filed a "Joint Motion for Voluntary Dismissal and Entry of Judgment." According to this motion, the parties have reached a settlement and according to its terms, ask this Court to: (1) dismiss the appeal; (2) render judgment effectuating the parties' agreement that (a) Carolina Galicia and T.R.G. take nothing against the City of Houston; (b) costs be assessed against the incurring party; and (c) all other relief be denied; and (3) pursuant to Texas Rule of Appellate Procedure 18.1(c), issue the mandate three business days after the order and judgment.

The parties' joint motion requests relief that is not allowed by the appellate rules. *See* TEX. R. APP. P. 42.1(a)(1) (allowing the court to "dismiss the appeal or affirm the appealed judgment or order unless such disposition would prevent a party from seeking relief to which it would otherwise be entitled"); *id.* R. 42.1(a)(2) (allowing the court to render judgment effectuating an agreement, set aside the judgment without regard to the merits and remand, or abate the appeal and permit proceedings in the trial court to effectuate the agreement). Here, the parties' requests that we dismiss the appeal and render judgment are mutually exclusive. *Compare id.* R. 42.1(a)(1) (allowing the dismissal of an appeal by motion), *with id.* R. 42.1(a)(2)(A) (allowing the rendition of judgment by agreement); *see In re Marriage of McQueen*, 597 S.W.3d 53, 54 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (order).

---

[2] The underlying lawsuit was instituted when T.R.G. was a minor child. According to the joint motion to dismiss, T.R.G., is now eighteen years old. In our discretion, we nevertheless retain the use of a pseudonym to identify her in this memorandum opinion.

Given the constraints of the appellate rules, we are unable to grant all the relief requested in the Joint Motion for Voluntary Dismissal and Entry of Judgment. *See* TEX. R. APP. P. 42.1(a)(1); *id.* R. 42.1(a)(2)(A); *In re Marriage of McQueen*, 597 S.W.3d at 54. Accordingly, we grant the joint motion in part and deny it in part. The motion is denied, in part, as to the parties' request that we dismiss the appeal. The motion is granted, in part, regarding the remainder of the requested relief. Specifically, we reverse and render judgment effectuating the parties' agreement that (a) Carolina Galicia and T.R.G. take nothing against the City of Houston; (b) costs be assessed against the incurring party; and (c) all other relief be denied. Further, pursuant to Rule 18.1(c), this Court will issue the mandate three business days after this memorandum opinion and judgment are issued.

Having resolved the appeal at the parties' request, no motion for rehearing will be entertained, and our mandate will issue in accordance with this memorandum opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
8th day of April, 2021.

3